**25 CV 938-S**

Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

A.  **Full Name of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, **each plaintiff** must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Mana Muhsen

-vs-

B.  **Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. City of Lackawanna (official capacity only)
2. Annette Iafallo, Mayor of Lackawanna (official and individual capacity)
3. Grace Marrano City Clerk (official and individual capacity)
4. Arrianna Kwitakowski (City Attorney)
5. Charles Clark Director of Development (official and individual capacity)
6. Scott Hayes (official and individual capacity)
7. Dino Marrocco Public Safety Director (official and individual capacity)

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections MUST be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: This action arises under 42 U.S.C. § 1983 for violations of the United States Constitution and federal law.

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: Venue is proper in the Western District of New York because the events giving rise to this action occurred in Erie County, and the Defendants reside and maintain offices within this District.

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit: Civil Rights Action under 42 U.S.C. § 1983 (Due Process, Equal Protection, Excessive Fines, Intimidation).

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: MANA MUHSEN

Present Address: 2170 ABBOTT RD LACKAWANNA NY 14218

Name of Second Plaintiff: _____

Present Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: CITY OF LACKAWANNA

Official Position of Defendant (if relevant): MUNICIPAL CORPORATIOIN

Address of Defendant: 714 RIDGE ROAD, LACKAWANNA, NY 14218

Name of Second Defendant: ANNETTE IAFALLO

Official Position of Defendant (if relevant): MAYOR OF LACKAWANNA

Address of Defendant: 714 RIDGE ROAD, LACKAWANNA, NY 14218

Name of Third Defendant: Grace Marrano

Official Position of Defendant (if relevant): City Clerk

Address of Defendant: 714 RIDGE ROAD, LACKAWANNA, NY 14218

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.  Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

   Yes [✔]   No [ ]

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

   Plaintiff(s): MANA MUHSEN

Defendant(s): City of Lackawanna, Annette Iafallo (Mayor of Lackawanna), Grace Marrano (City Clerk), Arrianna Kwitakowski (City Attorney), Charles Clark (Director of Development Scott Hayes (Senior Code Enforcement Officer), Dino Marrocco (Public Safety Director)

2. Court (if federal court, name the district; if state court, name the county): New York State Supreme Court, Erie County

3. Docket or Index Number: 812385/2025

4. Name of Judge to whom case was assigned: Hon. Emilio Colaiacovo, J.S.C.

5. The approximate date the action was filed: JULY 25TH 2025

6. What was the disposition of the case?
   Is it still pending? Yes ✔  No ☐
   If not, give the approximate date it was resolved. _____
   Disposition (check those statements which apply):
   ☐ **Dismissed** (check the statement which indicates why it was dismissed):
      ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;
      ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;
      ☐ By court due to your voluntary withdrawal of claim;
   ☐ **Judgment** upon motion or after trial entered for
      ☐ plaintiff
      ☐ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:** On (*date of the incident*) June 25, 2025, defendant (*give the **name and (if relevant) the position held** of **each defendant** involved in this incident*) Scott Hayes (Senior Code Enforcement Officer), Charles Clark (Director of Development), Arrianna Kwitakowsi (City Attorney), Annette Iafallo (Mayor)

did the following to me (*briefly state what each defendant named above did*): Scott Hayes received and concealed a citizen's letter addressed to the Council concerning me, immediately solicited and convened a closed-door meeting with the citizen, and produced a manipulated record containing false and defamatory allegations of child abuse that would be read hours later at my Site Plan Meeting. Shared a revised agenda with Charles Clark, then withheld it from the Council and the public, later falsely asserting his actions were taken under the guidance of law dept. Charles Clark participated in all of Scott Hayes's actions, read the manipulated record into the meeting and ensured the minutes did not reflect Christy Cooper's interjection that the letter came from Code Enforcement, not the Law Department. Arianna Kwiatkowski was not involved in Hayes and Clark's actions but allowed them to invoke the Law Department to justify misconduct, and covered it up by blocking lawful FOIL requests through improper claims of attorney–client privilege between public officials and a private citizen. Mayor Annette Iafallo: knew of the misconduct and failed to stop or correct it she also threatened me after receiving my complaint against Charles Clark who is her nephew.

The federal basis for this claim is: Defendants, acting under color of state law, conspired to deprive me of my rights to due process, equal protection, and open participation in government proceedings under the First and Fourteenth Amendments.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: Order correction of the minutes and records, stop further manipulation, award compensatory and punitive damages, grant declaratory relief, and any other relief the Court finds just.

**B. SECOND CLAIM:** On (*date of the incident*) August 1, 2025,
defendant (*give the name and (if relevant) position held of each defendant involved in this incident*)
Dino Marrocco (Public Safety Director) Grace Marrano (City Clerk):
Charles Clark (Director of Development) Annette Iafallo (Mayor)

did the following to me (*briefly state what each defendant named above did*): Dino Marrocco (Public Safety Director): through the Police Identification Bureau, unlawfully obtained sealed and juvenile records on August 1, 2025. Police Identification Bureau (PIB): on August 1, 2025, shared the sealed records to be used against me with Grace Marrano. Grace Marrano (City Clerk): on August 1, 2025, acted on the sealed records by issuing a demand for sealed dispositions and halting my business application.. Charles Clark (Director of Development): relied on the unlawfully obtained records to interfere with and block my business registration. Mayor Annette Iafallo: knew of the misconduct and failed to stop or correct it. Arianna Kwiatkowski (City Attorney): defended unlawful actions and allowed this misconduct to occur, failed to prevent it, and did not provide proper legal guidance.

The federal basis for this claim is: Defendants conspired under color of law to violate my Fourteenth Amendment rights by using sealed records to demand dispositions and obstruct my business registration.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: Declare Defendants' actions unlawful, prohibit any use of sealed records, vacate the August 1 demand for sealed dispositions and the September 12 stop work authority, award compensatory and punitive damages, and grant any other just relief.

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

I ask the Court to order correction of the records, prohibit further retaliation or use of sealed records, award compensatory and punitive damages, grant declaratory relief, and any other relief the Court finds just.

Do you want a **jury trial?** Yes [✔]  No [ ]

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on 09/25/2025
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)

# ADDITIONAL CLAIMS

## Claim 3 – September 12, 2025 Stop Work Authority (Ongoing)

**Defendants:**
- **Scott Hayes (Senior Code Enforcement Officer):** issued a stop work authority when no work was being done, refused my lawful payment for the sign fee permit in order to cite me, fraudulently taped the stop work order after business hours, and in the same order threatened both me and my landlord with jail and excessive daily fines. He has continued a campaign of intimidation with daily police visits alongside code enforcement, causing irreparable harm to my landlord relationship, reputation, and standing with my neighbors.

- **Charles Clark (Director of Development):** as Hayes's supervisor, permitted and oversaw Hayes's misconduct, failed to perform his duties, and obstructed my business registration by refusing to intervene.

- **Mayor Annette Iafallo:** as Clark's supervisor, knew of the unlawful stop work order and failed to stop or correct it.

- **Arianna Kwiatkowski (City Attorney):** allowed the unlawful stop work authority to proceed and violated state law by failing to enforce the stay after my ZBA appeal.

**Federal Basis for Claim 3:**
Defendants conspired under color of law to violate my constitutional rights by refusing lawful payment for a sign fee permit, issuing and enforcing a stop work authority when no work was being done, threatening both me and my landlord with jail and excessive fines, and continuing daily police intimidation with code enforcement that has harmed my landlord relationship, reputation, and neighborhood standing. These acts retaliated for my appeals and obstructed my business registration, in violation of the Fourteenth Amendment, the Eighth Amendment, and 42 U.S.C. §§ 1983 and 1985(3).

**Relief Sought for Claim 3:**
Vacate the September 12 stop work authority, order acceptance of my payment for the sign fee permit, prohibit further retaliatory or fraudulent orders, end daily police and code enforcement intimidation of me, my landlord, and neighbors, award compensatory and punitive damages, grant declaratory and injunctive relief, and any other relief the Court finds just.

# ADDITIONAL CLAIMS

**Claim 4 – Litigation Hold and Spoliation (June 27, 2025, and Ongoing)**
**Defendants:**
- **Mayor Annette Iafallo:** failed to acknowledge or enforce the litigation hold served on June 27, 2025, and multiple times after.
- **Scott Hayes (Senior Code Enforcement Officer):** failed to sign the litigation hold and continued misconduct despite notice of intent to sue.
- **Arianna Kwiatkowski (City Attorney):** acknowledged the notice of intent to sue but allowed spoliation of evidence and deletion of records.
- **Grace Marrano (City Clerk):** omitted the litigation hold from FOIL productions, concealing its existence.
- **Charles Clark (Director of Development):** sold property after the notice of claim, blocked Councilwoman Amira Muflahi's request for the June 25, 2025 audio recording, and obstructed her investigation of that meeting.

**Federal Basis for Claim 4:**
Defendants conspired under color of law to violate my rights under the First and Fourteenth Amendments by failing to preserve evidence, deleting and concealing records, ignoring litigation holds, and depriving me of evidence necessary to pursue my legal claims, in violation of 42 U.S.C. §§ 1983 and 1985(3).

**Relief Sought for Claim 4:**
Order Defendants to cease spoliation, preserve all records, sanction them for violating litigation holds, declare their conduct unlawful, and award compensatory and punitive damages, plus any other relief the Court finds just.